J-S28028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUSTIN LEE ETZWEILER | : | |
| | : | |
| Appellant | : | No. 1429 MDA 2017 |

Appeal from the PCRA Order, August 31, 2017,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0002538-2014.

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 11, 2018**

Dustin Lee Etzweiler appeals *pro se* from the order denying as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows: On September 17, 2015, Etzweiler entered a plea of no contest to rape, unlawful contact with a minor, and related charges. That same day the trial court sentenced him, in accordance with a negotiated plea agreement, to an aggregate term of six to twelve years of incarceration. Etzweiler filed neither a post-sentence motion nor an appeal to this Court. On April 13, 2017, he filed a *pro se* PCRA petition. The PCRA court appointed counsel. PCRA counsel filed a motion to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544

A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Within her "no-merit" letter, PCRA counsel opined that Etzweiler's PCRA petition was untimely and that Etzweiler could not establish an exception to the PCRA's time-bar. On June 17, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Etzweiler's PCRA petition without a hearing, and granted PCRA counsel's motion to withdraw. Etzweiler filed a response. By order entered August 31, 2017, the PCRA court dismissed the petition as untimely. This appeal follows. Both Etzweiler and the PCRA court have complied with Pa.R.A.P. 1925.

Before addressing the issues Etzweiler raises on appeal, we must first determine whether the PCRA court correctly determined that his first PCRA petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections

9545(b)(1)(i), (ii), and (iii), is met.[1]  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Commonwealth v. Hernandez**, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).  Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Here, because Etzweiler did not file an appeal to this Court following his sentencing, his judgment of sentence became final thirty days thereafter, or on October 17, 2015.  Thus, for purposes of the PCRA's time bar, Etzweiler had to file his first PCRA petition by October 17, 2016.  Etzweiler filed his petition on April 13, 2017.  Thus, the petition is untimely, unless Etzweiler

---

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  ***See Hernandez***, ***supra***.

Etzweiler has failed to prove any exception to the PCRA's time bar. Indeed, in his one-paragraph argument, he does not even acknowledge the PCRA's time restrictions or the exceptions thereto.  Therefore, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of the Etzweiler's petition.  We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/11/18